HARMON FURMAN, RESPONDENT, v. FEIBLEMAN & LEH-MAN COMPANY, APPELLANT.

Argued November 2, 1915—Decided January 28, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The appeal is from a judgment entered in the Essex Circuit Court for $9,600.50 in favor of the plaintiff, and presents for consideration portions of the court's charge, as well as refusals to charge, and the admission of certain testimony considered by defendant as objectionable. The defendant owned a tract of land at Chatham, consisting of one hundred and eighteen acres, and for the purpose of improving it entered into a written contract for the purpose with one Dutcher, who, subsequently, took in the plaintiff as a partner, who, in turn, and during the progress of the work, assumed the entire contract.

"The contract provided for the performance of the work, according to certain specifications annexed to the contract, at $2 per cubic yard for rock excavation, and thirty-two and one-half cents per cubic yard for earth grading, and nine and one-half cents per square foot for sidewalk construction. After

the work had been proceeded with defendant acquired an adjacent tract known as the Summit Avenue tract, and the plaintiff undertook to execute the general work upon this tract as though originally included in the contract. The work upon this tract, however, included the additional item of curbing and macadamizing. During the progress of the work a controversy arose as to the removal of a certain hill or knoll upon the one-hundred-and-eighteen-acre tract, which work was not included in the original contract, and which hill or knoll, according to the plaintiff, he was directed by defendant to remove. This work required the removal of a rock foundation, and the insistence of defendant is that the work was to be done at the contract figure for earth excavation. The plaintiff's insistence is that no figure was fixed for the work, and that as a result they are entitled to charge upon a *quantum meruit* basis for its performance.

"The plaintiff abandoned the work, alleging as a reason failure of defendant to make payments for work done. The case was not rendered plain by the pleadings, but the trial court, apparently with the consent of the parties, proceeded to try the case upon its merits. The trial resolved itself into an inquiry whether the work of removing the knoll should be charged for at the contract price for removing earth, or whether, in view of the attitude of the parties at the time, their conduct and conversations, in the absence of explicit agreement or instructions, the plaintiff was warranted in charging for the rock or so-called hard pan excavated at the rate of $1.25 per cubic yard. During the progress of the work the plaintiff accepted the engineer's certificates as to quantities and amounts, based upon the contract figures, and only after the cessation of the work insisted upon the *quantum meruit* price for the hard pan excavated.

"The case resolves itself substantially into an issue as to whether the removal of the knoll was included in the terms of the written contract between the parties, and if not so included, whether the parties by their attitude and conduct so treated it. It is evident that such was the position assumed by the learned trial court.

"Neither the contract nor the specifications can be said to include it, and the testimony of the parties makes it clear that its removal was not within their contemplation at the time of the execution of these documents.

"Necessarily, therefore, plaintiff's claim resolved itself into an inquiry as to the value of work done and materials furnished, upon the theory of the non-inclusion of the knoll in the terms or scope of the contract.

"Upon the rule to show cause the learned trial court dealt with the sufficiency of the testimony in this aspect of the case, and such other inquiries as would properly be considered by him upon the rule.

"We are only concerned upon this appeal with the consideration of such alleged legal errors as the record presents. We think the court properly left it to the jury to determine whether the parties by their attitude towards this contract excluded the knoll and the incident work of hard-pan excavation from its terms. Clearly, there was uncertainty and doubt regarding it, and if the parties by their agreement manifested by their conversations and conduct so treated it, the existence of that fact was for the jury, as well as the consequent value of the work performed and material supplied in executing it.

"The question whether the plaintiff abandoned the work or was ordered to cease work for defendant's convenience presented an issue which was also properly submitted to the jury. We think the trial court, under the circumstances, properly left it to the jury to determine whether the plaintiff was entitled to recover at the contract price, or upon the theory of a *quantum meruit*, because this necessarily involved the primary inquiry whether the work in question was *ab extra* the contract under the conduct and course of treatment of the parties.

"The question of the construction of the written contract, in this view of the situation, is entirely beside the case, since, if the parties by their own construction of it conceded its non-applicability to this particular work, for all legal purpose in this inquiry, it was non-existent.

"Yet, even if the learned trial court construed this written contract so as to make its terms inapplicable to the knoll, we are prepared to concede the correctness of that construction, although in our view that question by the attitude of the parties themselves, as intimated concerning it, is not dispositive of the case.

"The legal questions presented by the defendant upon the appeal, including the motion to nonsuit, and the exceptions to the charge, are based upon a permissible conception of the case, which under the testimony was not the only or exclusive theory upon which its legal *status* could be predicated.

"Based upon the alternative theory adopted, as we think quite properly by the trial court, the errors complained of, particularly regarding the admission and rejection of testimony, were non-injurious.

"The judgment will be affirmed."

For the appellant, *Lum, Tamblyn & Colyer.*

For the respondent, *Horace C. Grice.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   11.

*For reversal*—None.